**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald Jaycocks, et al., | No. CV-20-00377-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Pacific Specialty Insurance Company, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs Gerald and Allison Jaycocks' ("Plaintiffs") Motion to Remand. (Doc. 5.) The motion is granted and the case is remanded to state court.

**BACKGROUND**

Plaintiffs originally brought this insurance coverage dispute in Maricopa County Superior Court alleging breach of contract and breach of the implied covenant of good faith and fair dealing. Plaintiffs request both compensatory and punitive damages. No specific dollar amount is alleged. Defendant Pacific Specialty Insurance Company ("Defendant") timely removed the action pursuant to 28 U.S.C. § 1441, asserting diversity of citizenship as the basis for federal subject matter jurisdiction. Plaintiffs then filed the present Motion to Remand.

**DISCUSSION**

Federal courts may exercise diversity jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000.[1] 28 U.S.C. § 1332(a).

---

[1] The parties do not dispute that they are citizens of different states for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

When the action is initially brought in state court, a "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). However, if the amount of damages the plaintiffs seek is unclear and the defendant's allegation regarding the amount in controversy is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.*

Defendant argues that the amount in controversy exceeds $75,000 because Plaintiffs allege that "the damages sought in this case qualify as a Tier 2 case" under Arizona Rule of Civil Procedure 26.2(c)(3). Arizona utilizes a tier system for discovery purposes. Arizona Rule of Civil Procedure 26.2(c)(3) provides that actions claiming more than $50,000 and less than $300,000 in damages "are permitted standard discovery as described for Tier 2." Ariz. R. Civ. P. 26(c)(3). The Tier 2 classification, however, does nothing more than demonstrate that Plaintiffs' claims are likely worth more than $50,000. Because there is insufficient evidence for the Court to conclude by a preponderance of the evidence that the amount in controversy exceeds $75,000, Plaintiffs' Motion to Remand is granted.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Doc. 5) is **GRANTED**. The Clerk of Court is directed to remand this matter to the Maricopa County Superior Court.

Dated this 7th day of April, 2020.

_____
G. Murray Snow
Chief United States District Judge